UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cr-20188-2
    Hon. Matthew F. Leitman

D2, HASSAN KAMAL FAYAD,

    Defendant.
_____/

## **ORDER CONCERNING BRIEFING ON POST-TRIAL MOTIONS**

On January 22, 2024, a jury found Defendant Hassan Fayad guilty of one count of aggravated identity theft. That same day, Fayad made an oral renewed motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure and an oral motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure. The Court directed the parties to order the trial transcripts and to file briefs supporting and opposing the motion. Fayad shall file a single brief in support of both motions, and he shall do so not later than 30 days after the final trial transcript (as defined below) is filed on the docket. The Government shall file a single brief opposing the motions, and it shall do so not later than 30 days after Fayad files his brief. Fayad shall file a reply brief fourteen days after the Government files its response brief.

In their briefs, the parties are free to raise and address any issues and arguments they deem appropriate. In addition to any issues they wish to raise and address, the Court directs the parties to address the following issue: Is the evidence in the record sufficient to support a finding that Fayad knew that the Chase Road address (listed in the forbearance agreement and in the documents filed with Texas state court) was the address of Hassan Muhammad Fayad, the witness who testified at trial? If Fayad answers this question in the negative, he shall explain why the evidence is insufficient; if the Government answers in the affirmative, it shall specifically identify the evidence that supports the finding. For purposes of the Court's question, the Court assumes, without deciding, that the Government's evidence was sufficient to support a finding that Fayad knew that the Chase Road address was not his address. But the Court is trying to understand whether the evidence supported an additional finding that Fayad knew that the address was that of Hassan Muhammad Fayad. Finally, the parties should address whether Fayad would be entitled to a judgment of acquittal on the aggravated identity theft charge if the evidence is insufficient to support a finding that he knew the Chase Road address was that of Hassan Muhammad Fayad.

(For purposes of this order, the "final trial transcript" refers to all parts of the transcript other than voir dire and the Court's preliminary instructions to the jury. The parties need not order those parts of the transcript at this time if they prefer

2

not to do so. But the parties shall order all other parts of the trial transcript, including all testimony, opening statements and closing (and rebuttal) arguments, and the Court's final instructions.)

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126